United States District Court

Eastern District of California

| | |
|---|---|
| David Ray Williams, | |
| Plaintiff, | No. Civ. S 04-0998 LKK PAN P |
| vs. | Order |
| C. Furguson, et al., | |
| Defendants. | |

-oOo-

Plaintiff is a prisoner, without counsel, who claims (1) defendant Furguson violated plaintiff's First Amendment rights by instigating disciplinary proceedings against plaintiff for having a beard in violation of grooming standards; (2) defendant Young violated plaintiff's rights by finding plaintiff guilty of violating the grooming standards; and (3) defendant Fish violated plaintiff's rights when plaintiff refused extra duties imposed to sanction plaintiff for violating the grooming standards. Plaintiff asserts defendants' objections to his request for

production of documents should be waived because they failed timely to respond and, alternatively, plaintiff moves pursuant to Fed. R. Civ. P. 37(a)(2)(B), to compel defendants to respond to requests for production of documents.

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Information sought need not be admissible at trial if the discovery is reasonably calculated to lead to the discovery of admissible evidence. Id. The court may limit discovery if it determines the discovery sought is unreasonably cumulative or obtainable from a more convenient or less expensive source, the party seeking discovery had ample opportunity to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2). A party has a continuing duty to supplement, correct or amend discovery responses if the court so orders or if the party learns the responses were in some material respect incorrect or incomplete and the information has not otherwise been made available to other parties. Fed. R. Civ. P. 26(e)(2).

Any party may request any other party produce for inspection documents including writings, drawings, graphs, charts or data compilations. Fed. R. Civ. P. 34(a). The requesting party must identify the items to be produced and the party upon whom the request is made must make a written response stating that inspection will be permitted as requested, unless the party

objects and states the basis therefor.  Fed. R. Civ. P. 34(b). Unless the court orders, or the parties stipulate to, a longer time responses must be served within 30 days.  The discovery order gives the parties 45 days to respond to discovery requests.

A party may move for an order compelling discovery with respect to objections or other failure to respond to interrogatories or requests to produce documents.  Fed. R. Civ. P. 37(a)(2)(B), 33(b)(5), 34(b).

Plaintiff mailed his request for production of documents May 24, 2005, and so defendants were required to serve their response by July 11.  See Fed. R. Civ. P. 6(e) (three days shall be added to the time for a party to act when service of a paper on the party is by mail).  Defendants served their responses July 11, 2005, and so timely responded.

Plaintiff requests "any and all grievances, complaints or other documents received by defendants or their agents, at C.S.P. Solano State Prison, mistreatment of inmates by C. Furguson, K. Young, S. Fish and any memoranda investigative files, or other documents since January 1, 1995."  Defendants object the request seeks documents outside the scope of discovery.

The objection is sustained upon the ground plaintiff has not shown how the information sought will assist in resolving material factual disputes.

///

///

///

1    Accordingly, plaintiff's July 22, 2005, motion to compel is
2 denied.
3    So ordered.
4    Dated:  November 29, 2005.

                                   /s/ Peter A. Nowinski
                                   PETER A. NOWINSKI
                                   Magistrate Judge